# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Phillip J. Snabel, | ) | CASE NO. 1:19 CV 2052 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| The Great States Corporation d/b/a | ) | **Memorandum of Opinion and Order** |
| American Lawn Mower Company, et al. | ) | |
| | ) | |
| Defendant. | ) | |

## Introduction

This matter is before the Court upon defendant The Great States Corporation d/b/a American Lawn Mower Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 16). This is a products liability case alleging injury arising from an accident with an electric chainsaw. For the following reasons, the motion is granted to the extent that the Court finds personal jurisdiction is lacking. However, the Court further finds that transfer of venue is warranted.

## Facts

Plaintiff Phillip J. Snabel filed this Amended Complaint against defendants The Great

1

States Corporation d/b/a American Lawn Mower Company (hereafter, Great States); Zhejiang Yat Electrical Appliance Company, Limited (hereafter, Zhejiang); and John/Jane Does. The Amended Complaint alleges the following. Plaintiff is a resident of Ohio. In March 2012, he saw an advertisement for an electric chainsaw while watching a home shopping network on television at home. He called the phone number and purchased the chainsaw. The order was fulfilled by ORDERTREE.COM. The chainsaw was designed and manufactured by Great States, an Indiana corporation. The battery was designed and manufactured by Zhejiang, a Chinese corporation. In September 2017, plaintiff was using the chainsaw to cut and remove a tree on his property. The battery power source exploded which resulted in flying shrapnel. The shrapnel struck plaintiff in the lower calf of his right leg. Plaintiff was transported to the emergency room. He subsequently underwent several surgeries, and other treatment.

Plaintiff asserts two claims against Great States: Count One alleges statutory products liability. Count Two alleges punitive damages.

This matter is now before the Court upon Great States' Motion to Dismiss for lack of personal jurisdiction and, alternatively, failure to state a claim.

**Standard of Review**

**personal jurisdiction**

The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989). When a defendant has filed "a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing

*Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When evaluating a motion to dismiss for lack of personal jurisdiction, a court has three options: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen*, 935 F.2d at 1458).

If a court chooses to rule on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff "need only make a *prima facie* showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). The plaintiff can make this *prima facie* showing by "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). This burden is "relatively slight." *Carrier Corp*, 673 F.3d at 449. Moreover, the court must "construe the facts in the light most favorable to the nonmoving party" and "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp.*, 282 F.3d 883, 887 (6th Cir. 2002). Indeed, "because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a *prima facie* case for jurisdiction. *Carrier Corp*, 673 F.3d at 449 (internal quotations and citations omitted).

**failure to state a claim**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true

3

and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

**(1) Personal Jurisdiction**

Neither party submits evidence and, consequently, the plaintiff need only make a *prima facie* showing of jurisdiction. In diversity cases, a federal court has personal jurisdiction over a defendant if jurisdiction is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp.*, 282 F.3d at 888 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994)). The Sixth Circuit has determined that "Ohio's long-arm statute is not coterminous with federal constitutional limits," and has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Bird,* 289 F.3d at 871 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Because Ohio's long-arm statute does not reach the full limits of the federal constitution, a finding that Ohio's long-arm statute allows for jurisdiction does not foreclose the need for Due Process Clause analysis. *See Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006); *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) ("Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.").

There are two forms of personal jurisdiction to be considered under the Due Process analysis: general and specific. General jurisdiction is found when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). The Supreme

Court has found that general jurisdiction only occurs in a limited set of circumstances, holding the "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014). The Supreme Court has explained that the benefit of looking to the place of incorporation and principal place of business is that "each ordinarily indicates only one place" and is "easily ascertainable." *Id.* at 137. Indeed, for a court to find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal place of business is the "exceptional case." *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 139 n.19).

Specific jurisdiction turns on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775 (1984)). To establish specific jurisdiction over a defendant, a court must find "(1) purposeful availment of the privilege of acting in the forum state or causing a consequence in the forum state, (2) a cause of action arising from activities in the state, and (3) a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (internal quotations and citations omitted).

Plaintiff asserts statutory products liability and punitive damages against moving defendant. Defendant maintains that the allegations contained in the Amended Complaint are insufficient to establish either general or specific jurisdiction.

As for establishing general jurisdiction, defendant points out that the Amended Complaint alleges that it is an Indiana corporation, and there are no allegations that Great

States has such substantial operations in Ohio so as to render it "essentially at home" here.

Plaintiff does not argue that is has established general jurisdiction, but asserts that Ohio's long arm statute is satisfied. As discussed above, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause and, therefore, the constitutional analysis is still necessary. The Court agrees with defendant that the Amended Complaint does not establish the "exceptional case" to find general jurisdiction in a forum other than the corporate defendant's place of incorporation or principal place of business. Great States is an Indiana corporation and there are no allegations of continuous and systematic affiliations with Ohio.

As for establishing specific jurisdiction, plaintiff maintains that the allegations of the Amended Complaint satisfy the three-part test, set forth above. For the following reasons, the Court disagrees.

Pursuant to Supreme Court precedent, "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). Since *World-Wide Volkswagen*, the Sixth Circuit has adopted a "stream of commerce 'plus' approach," under which "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir.2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987) (O'Connor, J.) (plurality op.)). *See also Parker v. Winwood*, 938 F.3d 833, 840-841 (6th Cir.

2019) ("For a defendant to purposely avail himself of the privilege of acting within a forum state, he must do more than merely place a product into the stream of commerce").

Plaintiff points to the following allegations. Plaintiff was watching television at home in Ohio when he saw the advertisement on a home shopping network for the electric chainsaw which was designed and manufactured by Great States. Great States "regularly and continuously sold its landscaping products and equipment, including but not limited to electric chainsaws, through television advertising." Great Lakes "regularly transacted business" in Ohio by selling these products to Ohio residents through television advertising. Great States "derived substantial revenue" from its sale of the products to Ohio residents. (Am.Comp. ¶¶ 8-15, 19)

Although plaintiff uses the language "regularly and continuously" or "regularly transacted," bare legal conclusions without supporting factual basis linking defendant's activities in Ohio to the plaintiff's injury are insufficient. *See Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 507-508 (6th Cir. 2014) ("[T]he plaintiff's cause of action must be proximately caused by the defendant's contacts with the forum state."); *Maxitrate Tratamento Termico E Controles v. Super Systems, Inc*, 617 F. App'x 406, 408 (6th Cir. 2015) ("Specific jurisdiction, on the other hand, allows a plaintiff to sue a defendant only on claims that arise out of the defendant's activities in the forum state.").

Moreover, "purposeful availment" requires actions "by the defendant *himself* that create a 'substantial connection' with the forum State." *Bridgeport, supra* (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir.1996)). As defendant points out, the Amended Complaint does not allege that Great States *itself* advertised or sold its products

8

in Ohio, but that the home shopping network advertised the chainsaw on its television program and OVERTREE.COM fulfilled the order. There is no allegation that Great States owned or directed the shopping network or the website, or that it required these entities to direct activity to Ohio residents. Plaintiff contends that Great States, through its actions, was aware that Ohio residents would purchase its chainsaws and that they could injure Ohioans. (Doc. 18 at 8) But, being "merely aware" that a product might be sold in Ohio is insufficient to find personal jurisdiction. *Bridgeport,* 327 F.3d at 480.

Plaintiff fails to make a *prima facie* showing that Great States purposely availed itself of acting in Ohio.

Consequently, as there is not a substantial enough connection with Ohio, the exercise of jurisdiction over Great States would be unreasonable**.** Plaintiff maintains that the exercise of personal jurisdiction is reasonable because the burden of litigating in Ohio to Great States is low given that Ohio and Indiana share a border. But, the Court agrees with defendant that this is irrelevant, and Indianapolis (defendant's principal place of business) is more than 300 miles from this courthouse in Ohio. Plaintiff additionally asserts that Ohio has a substantial interest in exercising jurisdiction over an out-of-state entity which sells defective products here. And, plaintiff has a substantial interest in obtaining relief. Nor does any other state have a greater interest in resolving the controversy given that the injury occurred here. As defendant points out, however, while plaintiff used the product here, the majority of the operative events did not occur in Ohio. The claim against Great States is for products liability, alleging defective manufacture, design and formulation, and warning and instruction. There is no allegation that the design, manufacture, or creation of the warnings occurred in

Ohio.

For these reasons, the exercise of jurisdiction is not warranted.

Plaintiff asks, alternatively, that the Court transfer the case to the Southern District of Indiana pursuant to 28 U.S.C. § 1406(a). Although acknowledging that transfer would be allowed in this situation[1], Great States opposes the request on the basis that plaintiff has filed two complaints attempting to plead jurisdiction and should not get a third bite of the apple. This is not a sufficient reason to refuse transfer. Accordingly, this matter will be transferred to the Southern District of Indiana where venue is proper.

**(2) Failure to State a Claim**

Having found that the Court lacks personal jurisdiction and that transfer is warranted, the Court is without jurisdiction to render a ruling on the motion to dismiss for failure to state a claim.

**Conclusion**

For the foregoing reasons, defendant The Great States Corporation d/b/a American Lawn Mower Company's Motion to Dismiss Plaintiff's Amended Complaint is granted to the extent that the Court finds personal jurisdiction is lacking. However, the Court further finds that transfer of venue to the Southern District of Indiana is warranted.

---

[1] Section 1406 allows a court to transfer venue regardless of whether the court has jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

IT IS SO ORDERED.


                                    /s/ Patricia A. Gaughan  
                                    PATRICIA A. GAUGHAN  
                                    United States District Court  
Dated: 4/9/20                    Chief Judge